## Case No. 3,745.

### In re DE FOREST.

#### [9 N. B. R. 278.] [1]

#### District Court, N. D. Ohio. 1874.

INVOLUNTARY BANKRUPTCY — CHARACTER OF PROCEEDING — JURY TRIAL — NEW TRIAL.

1. A proceeding to have a debtor adjudged bankrupt is a civil and not a criminal proceeding.

2. Where a debtor denied the alleged acts of bankruptcy and demanded a jury trial, and upon such trial the jury found the facts alleged in the petition were untrue, *held*, the district court has the same power over verdicts rendered in such cases as courts of common law, and may, on proper cause shown, set them aside and order a new trial.

[Cited in Re California Pac. R. Co., Case No. 2,315.]

In bankruptcy.

WELKER, District Judge. R. A. De Forest having filed his answer denying the acts of bankruptcy charged against him in the petition, demanded a trial thereof by a jury. At the last term of this court a trial was had before a jury and a verdict returned that the facts set forth in the said petition were not true; thereupon, on motion of petitioners, the verdict of the jury was set aside by the court and a new trial ordered for reasons alleged in the motion. De Forest then filed a motion asking the court to set aside its order setting aside the verdict as above stated, and asking that the proceedings in bankruptcy be dismissed, because the jury had decided in his favor on the issue submitted to them.

The question now submitted to me on the last motion is, whether the district court was authorized to set aside the verdict of the jury and grant a new trial when the verdict was so in favor of the alleged bankrupt. The forty-first section of the bankrupt law [of 1867 (14 Stat. 537)], among other things, provides: "That if upon such hearing or trial the debtor proves to the satisfaction of the court or jury, as the case may be, that the facts set forth in the petition are not true, * * * the proceedings shall be dismissed and the respondent shall recover costs." Under this section it is claimed the court has no discretion in setting the verdict aside, but if such finding be for the debtor a dismissal must follow the verdict as a matter of course. It will be found that the forty-second section also provides: "That if the facts set forth in

[1] [Reprinted by permission.]

the petition are found to be true, * * * the court shall adjudge the debtor to be a bankrupt, &c." The construction of these two sections, then, raises the question, whether the court has the authority to set aside the verdict of a jury in the trial of charges of bankruptcy, whether the finding be for the debtor or against him. The debtor, however, insists that the proceedings against him are quasi criminal, and a verdict of acquittal entitles him to a discharge. This claim is not tenable. It does not involve any charge of crime and is, like every other question of fact, to be decided by weight of evidence, and tried like any civil case. Questions of fraud do not necessarily involve crime, and none of the acts of bankruptcy set forth in the law constitute a charge of crime against a debtor.

The district court has criminal and civil jurisdiction triable by jury. Provisions are made in the statute for attendance of juries at the terms of the court, and it possesses full power in the trial of criminal and civil cases to try cases by juries, and if it were not for constitutional restrictions the same power could be exercised in criminal cases. In case of acquittal, the constitution protects a defendant from a second trial for the same offence. It is exercised in cases of conviction. Incidental to the trial of jury causes, all courts of record, unless specially restricted from its exercise, possess the power of revising verdicts of juries, and setting them aside, in all civil cases in its discretion. This court is not one created by the bankrupt law, with only such special powers as are conferred therein. It existed before its passage. The bankrupt law, therefore, in the first section, provides: "That the several district courts of the United States be, and they hereby are, constituted courts of bankruptcy, and they shall have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy; and they are hereby authorized to hear and adjudicate upon the same according to the provisions of this act." The forty-first section provides, also, that if the debtor, in writing, demands a jury trial, the court shall order a trial by jury at the first term of the court at which a jury shall be in attendance, to ascertain the fact of such alleged bankruptcy. This implies a jury trial, like any other case, to ascertain the facts charged against the debtor, and subject to the control of the court in its discretion in the way adopted in the usual practice of courts. It is made the duty of the court to enter judgment on the return of verdicts of juries in all cases, but this has never been held to mean that the court has no authority to set aside verdicts in its discretion. There is no positive restriction in the bankrupt law, to the court exercising the authority and power, to set aside verdicts and grant new trials. Again, the district court exercises not only statutory, but common law powers within its jurisdiction; and where issues of fact are made entitling parties to a trial by jury, such trials are con-

ducted according to the course of the common law. I am of the opinion, therefore, that the order made in district court by my predecessor, Sherman, District Judge, setting aside the verdict in this case, was within the authority and power of the court, and overrule the motion to set it aside.

[NOTE. For an opinion rendered in this case on a motion to attach witnesses for disobedience of subpoenas, see Case No. 4,173.]